HARDY, Judge.
This is an appeal by defendants, owners of property expropriated for highway purposes in connection with the building of Interstate Highway 20, from judgment fixing the value thereof.
The judgment appealed from fixed the value of the property taken in the principal sum of $121,900.00, which was the amount tendered and deposited by plaintiff at the time of the taking. The owners-appellants, husband and wife, contend that the value of the property should be fixed at the sum of $197,000.00.
This case was tried on the basis of a stipulation of facts and exhibits, primarily consisting of the appraisal reports of two qualified realtors on behalf of plaintiff and one on behalf of defendants. The stipulation included an admission that the defendant, Charles Maggio, would testify that the property involved was worth the sum of $197,-000.00 at the time of the taking. The stipulated qualification of this defendant was that he had been a dealer in real estate, particularly of a commercial nature, in the City of' Shreveport over a period of thirty years and was the owner of large commercial tracts in addition to the one involved in this litigation.
Before this court counsel for plaintiff urgently contend that the judgment appealed from should be affirmed upon the presumption of its correctness by reason of appellant’s failure to present any specification of error. A number of authorities are cited in support of this contention. Reference to these authorities discloses that in most instances the failure of a specification of error was incident to the failure of an appearance either by brief or argument on behalf of appellants. In any event, the instant case presents for consideration only a single issue, the quantum of the award representing the value of the property. The clear contention of appellants is that the award made by judgment of the district court was insufficient and their purpose in the appeal represents the effort to obtain an increase in the amount of the award. Under such circumstances, there can be no need for any formal specification of error since, perforce, the only possible error relates to the asserted inadequacy of the amount of the judgment.
As noted above, the material portion of the record consists of the detailed reports of the expert appraisers. The correctness, vel non, of the judgment appealed from must rest upon an evaluation of these reports.
The property involved consists of a tract of land slightly in excess of 153,000 square feet in area, a portion of which fronts on Texas Avenue and a portion on Jordan Street, in a commercial area of the City of Shreveport. , The immediate vicinity is principally used by automobile dealers, used car lots and restaurants. All three of the expert witnesses, who appear to be equally well qualified, based their valuations primarily upon comparable sales with due regard to the highest and best use of the property under existing conditions. Messrs. May and Jordan, for plaintiff, appraised the *804 value of the property taken at $121,000.00 and $121,900.00, respectively, while Mr. Sealy, for the defendant, fixed the appraised value of the property at $197,000.00. A study of the comparable sales used by these three witnesses leads us to the conclusion that the sales used by Messrs. May and Jordan were more nearly comparable by reason of location and conditions surrounding the sales than the comparables which constituted the basis of Mr. Sealy’s valuation. It is also noted that Mr. Sealy’s opinion as to the highest and best use of the property was predicated upon a rather highly specialized nature of development by a single integrated business operation. This witness used by way of illustration the operation of such enterprises as a Sears-Roebuck, Montgomery-Ward or large discount stores, but there is no indication in his report that there was any reasonable prospect of such a development or use. The summary of Mr. Sealy’s opinion was given as follows:
“Subject neighborhood is a good location for many types of business and the recent re-location of the two public buildings referred to above will further strengthen it and make values rise. In my opinion, this general area will have a transition of use to a much higher type use during the coming few years.”
The public buildings to which reference was made are the Shreveport Civic Center and the State Office Building located some three blocks from the subject property.
Even the complete acceptance of the opinion as above set forth would not have the effect of establishing a sound foundation of value at the time of the taking for it is contingent upon a prospective valuation which might, or might not, be realized some years in the future.
On the contrary, the valuations submitted by plaintiff’s appraisers are not only justified by their reference to comparable sales but by their consideration of the highest and best use of the property at the time of the taking.
Although we have not disregarded the stipulation as to the value which would have been fixed by Mr. Maggio, we hardly think this testimony would be persuasive in view of his interest as owner of the property, and further in consideration of the lack of any background of expert experience and qualifications aside from his own personal transactions.
Careful consideration of the record convinces us that the evidence substantially preponderates to support the valuation fixed by plaintiff and represented by its tender and deposit. t
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.